BARNETTE, Judge.
The defendant has appealed devolutively from a judgment denying his petition for injunctive relief to arrest the seizure and sale of certain movable property under ex-ecutory process.
On April 18, 1967, “Mr. Pizza, Inc.,” and the defendant, Warren Furlow, entered into a contract by which Furlow purchased a franchise to operate a “Mr. Pizza business at a certain location in the City of New Orleans. The stipulated consideration was $30,000, “payable as follows $10,-000.00 in cash, the balance namely $20,000.-00 [to be paid] * * * on a monthly basis, with interest of 7%.” Monthly payments stipulated at $396.03 were to begin on August 1, 1967. The contract made no mention of a note given or to be given for this $20,000 balance. The contract then provided:
“* * * Failure to pay any installment as herein provided shall further have the effect of terminating this franchise agreement and the vendee shall forfeit as damages for the breach of this covenant all considerations previously paid on this agreement in addition to the unpaid installments that become due because of this breach of this agreement.”
By the terms of the contract many other conditions and obligations were imposed upon the vendee, Furlow, which are not relevant to the issues of this case.
On July 19, 1967, the parties executed an act of sale and chattel mortgage by which Mr. Pizza purportedly sold to Furlow certain equipment to be used in the business and retained a chattel mortgage thereon for security of the note of $20,000 given in payment. The note described contained the identical payment schedule, interest and other provisions recited in the contract for sale of the franchise.
*651 On December 19, 1968, the plaintiff, Mr. Pizza, brought a suit for damage for alleged breach of the contract. Among other' items of damage claimed, plaintiff sought recovery of the alleged unpaid balance on the note which plaintiff alleged was given for the $20,000 portion of the contract purchase price of the Mr. Pizza “franchise and privileges.”
On January 30, 1969, the plaintiff, Mr. Pizza, filed a petition for executory process seeking foreclosure on the above-described chattel mortgage note. The defendant, Furlow, countered with a petition to enjoin the seizure and sale and to arrest proceedings in the executory process suit. A temporary restraining order was issued as prayed and a hearing was ordered on rule for preliminary injunction. Defendant’s petition for injunctive relief was based on certain alleged misrepresentations and fraudulent acts by Mr. Pizza.
Before a hearing on the rule was had, defendant filed a “Motion to Dismiss” the executory process action on a plea of lis pendens under the authority of LSA-C.C. P. arts. 531 and 932. His contention was that the first suit included a demand for damages representing the unpaid balance on the note and was, to that extent, a suit between the same parties, on the same cause of action and having the same object. A show cause order was issued and after a hearing thereon, judgment was rendered on February 28, 1969, signed and filed on March 3, 1969, denying Furlow’s motion to dismiss “based on lis pendens.” That judgment being interlocutory and not appealable, defendant applied to this court for writs of certiorari and prohibition. The application was denied by us on March 6. On March 7, 1969, judgment was rendered, signed and filed as follows:
“IT IS ORDERED, ADJUDGED AND DECREED That the preliminary injunction, prayed for in the Petition for Injunctive Relief to Arrest Seizure and Sale under Executory Process, filed herein by defendant WARREN FUR-LOW, be and the same is hereby denied.”
From this judgment the defendant appealed devolutively.\
In argument before this court, counsel for defendant-appellant conceded that it is not now possible for this court to grant the injunctive relief sought since the sale by executory process has already taken place. He strongly urges, however, t that he is entitled to appellate review of the issues raised by his pleadings and to a judgment of this court in view of his possible exposure to a suit for deficiency judgment.
In addition to, or as an extension of, his argument on the issue of lis pendens the defendant-appellant has argued that the plaintiff attempted a conversion of the “ordinary proceeding” on the note into an “executory proceeding” in violation of the prohibitive provision of LSA-C.C.P. art. 2644, which states as follows:
“The plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.
“The plaintiff in an ordinary proceeding may not convert it into an executory proceeding.”
As stated above, plaintiff’s petition for injunctive relief was based on certain allegations of fraudulent misrepresentation. In his “Reasons For Judgment” the trial judge found that Furlow had failed to discharge the burden of proof, for which reason the petition for preliminary injunction was denied. On the issue of lis pendens, he found that the first suit was not a suit on the note but was one for damages for breach of contract, and hence was not on the same cause of action and did not have the same object.
*652 The issue of lis pendens and the alleged prohibited conversion of an ordinary proceeding into an executory proceeding are not defenses which can be asserted in a suit by executory process, except as they may be relevant to an injunction proceeding therein. Defenses and procedural objections can be asserted only through an injunction proceeding to arrest the seizure and sale or the defendant may appeal sus-pensively. LSA — C.C.P. art. 2642. Whether or not there was any merit in these issues, they were, at most, relevant to the petition for injunction. The injunctive relief sought was denied by the judgment of the court of March 3, 1969; that is the judgment now on appeal. We, therefore, must hold that all the issues presented on this appeal are now moot, and, accordingly, the appeal must be dismissed. Walters v. Childers, 214 La. 531, 38 So.2d 160 (1948); State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817 (1948); Hibernia National Bank in New Orleans v. Mary, 174 So.2d 200 (La.App. 4th Cir.1965); Simmesport State Bank v. Couvillon, 164 So.2d 698 (La.App. 3d Cir.1964); Atlas Finance Corporation v. Rouseo, 155 So.2d 207 (La.App. 4th Cir.1963).
We are not unmindful of the defendant’s vulnerability to a suit for a deficiency judgment, but any opinion we might express on the issues in anticipation of such action would be premature, speculative and, at most, advisory. Therefore, we will not discuss the merits of the issues and we decline to rule thereon.
In pretermitting a discussion and ruling on the issues argued and briefed on this appeal, we do so without prejudice to either party to this appeal in the event further litigation should ensue between them.
For these reasons the appeal is dismissed without prejudice at appellant’s cost.
Appeal dismissed.