283 So.2d 230 (1973)
STATE of Louisiana ex rel. James PRESTON and William Stewart
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary.
No. 53541.
Supreme Court of Louisiana.
September 24, 1973.
Donald R. Mintz, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, for plaintiff-respondents.
William J. Guste, Jr., Atty. Gen., Jack E. Yelverton, S. J. Dileo, Jr., Asst. Attys. Gen., Jim Garrison, Dist. Atty., for defendant-applicant.
MARCUS, Justice.
We granted certiorari and a stay order, upon application of the Attorney General for the State of Louisiana, to review the ex parte order issued by Judge Charles R. Ward, Judge of the Criminal District Court, Parish of Orleans, ordering the Attorney General to represent C. Murray Henderson, Warden of the Louisiana State Penitentiary, in a habeas corpus proceeding filed on behalf of James Preston and William Stewart in the section of the Criminal District Court over which Judge Ward presides. This order recites that failure of the Attorney General to answer the writ of habeas corpus "will necessitate the granting of this Writ of Habeas Corpus, and the release of Petitioners."
The application presents the issue of whether Judge Ward has the authority to order the Attorney General (or his office) to represent the warden of the penitentiary in habeas corpus matters in Orleans Parish. The Attorney General takes the position that his office has the authority to delegate this responsibility to the District Attorney's office. We were asked to vacate the order of Judge Ward and issue a stay order to prevent the threatened interim release of relators in the habeas corpus proceeding.
The writ was granted, and Judge Ward was ordered to show cause on August 27, 1973 why the relief prayed for should not be granted. The proceedings were stayed and suspended; however, the following order issued in connection therewith:
"IT IS FURTHER ORDERED that representation of the State by the District Attorney designated by the Attorney General shall continue in post-conviction hearings pending further orders of this Court. There shall be no delay *231 in the expeditious handling of proceedings of this kind."
When the matter was called for hearing in this Court, it came to our attention that Judge Ward thereafter held the hearing on the habeas corpus petition of Preston and Stewart. The impression of the parties involved was that our order required Judge Ward to proceed in the matter.
We agree that it was our intention that such a result should obtain. We felt that since the habeas corpus proceeding had already been delayed for some time, it would be improper to further delay this matter until the issue was resolved as to who should represent the warden of the state penitentiary. Nevertheless, we must initially consider whether, in the present posture of the case, any ruling we may now issue will have efficacy.
The dispute herein arose after a petition for habeas relief was filed in Judge Ward's court. It was Judge Ward's position that the Attorney General, and not the District Attorney (as is the custom in Orleans Parish), should appear and file answer in the matter.
Although the record before us does not show disposition of the petition for habeas corpus, all parties agree that the matter has in fact been disposed of after an evidentiary hearing held in Judge Ward's section of the Criminal District Court.
We are of the opinion that our consideration of the validity of the order issued and the question of whether or not the Attorney General, and not the District Attorney of Orleans Parish, should represent the warden of the penitentiary in habeas corpus petitions filed in Orleans Parish is moot.
The relief sought is no longer an issue in view of the fact that the hearing has been held. There is no proceeding now pending in which the Attorney General could be ordered to file an answer.
Courts will not rule on questions of law which become moot since their decree will serve no useful purpose and can give no practical relief. State v. Ward, 259 La. 317, 249 So.2d 921 (1971).
For the reasons assigned, the writ is recalled; the rule to show cause is set aside; and the relator's application for writs is dismissed.