384 So.2d 405 (1980)
August A. ROBIN
v.
CONCERNED CITIZENS FOR BETTER EDUCATION IN ST. BERNARD, INC. and Louis Riess, Registrar of Voters for St. Bernard Parish.
No. 65794.
Supreme Court of Louisiana.
May 19, 1980.
Manuel A. Fernandez, Law Office of Manuel A. Fernandez, Chalmette, for plaintiff-respondent; William P. Schuler, Chalmette, of counsel.
Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, for defendants-applicants.
BLANCHE, Justice.[*]
On August 24, 1979, plaintiff filed a petition for injunction alleging that he was a member of the St. Bernard Parish School Board and that the defendant, Concerned Citizens for Better Education in St. Bernard, Inc., had published and was circulating a petition seeking his recall as a member of said Board. The unlawful conduct sought to be enjoined was the activity of the defendant, Concerned Citizens, its officers and members from obtaining signatures on the recall petition by means of fraud, deceit and misrepresentation of facts.
After a hearing on the rule, the trial court issued a preliminary injunction which restrained the defendant from "pursuing the recall of August A. Robin, through fraudulent means and misrepresentation." After the aforesaid judgment, and after writs were denied by the Fourth Circuit Court of Appeal, but prior to relator's application to this Court, Act No. 148 of 1979 became effective on September 7, 1979. That Act, which is now found in LSA-R.S. 42:341, et seq., is the controlling provision of law relative to recall petitions, and provides that prior to the entering of any signature on a petition, the chairman designated to represent the petitioners shall file a copy of the recall petition which will be used with the Registrar of Voters for each parish in which the recall election is to be held, and with the Secretary of State. The *406 signed and dated petition shall be submitted not later than 180 days after the day on which the copy of the petition was filed.
Respondent maintains that the facts which gave rise to the instant suit accrued under the old law, and the failure of the relator to perfect his petition by the effective date of the new act renders this action moot. Relator claims to have brought his petition into compliance with the new act on September 7, 1979, but he admits that as of that date, there were not enough signatures to effect a recall. Additionally, respondent submits that the ills he sought to remedy in his injunction suit have been remedied by the provisions of Act No. 148 of 1979.
Respondent has no objection to those signatures obtained after September 7, 1979 because these must now be obtained in compliance with the new act. Therefore, the only conflict possibly existing between the parties relates only to those signatures obtained by the relator prior to September 7, 1979.
As to these signatures, and despite relator's claim to the contrary, we are of the opinion that they could never be in compliance with the new act. The act provides that undated signatures, or those bearing a date prior to the date on which the petition was filed, may not be counted. Because no action by the relator could possibly bring those signatures obtained prior to the September 7 filing of the petition into compliance with the law, these signatures are ineffective under the new recall provision.
Respondent brought this suit to enjoin the obtaining of signatures by the defendant in what he considered to be an unlawful and illegal manner. He concedes in brief that the new act will prohibit the activities of which he complains, and thereby argues that his action is moot.
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. State ex rel. Preston v. Henderson, 283 So.2d 230 (La. 1973); State v. White, 358 So.2d 999 (La. App. 3rd Cir. 1978). We agree with the allegations of plaintiff/respondent that his suit is now moot. Any judgment by this Court as to those activities by the defendant in obtaining signatures to the recall petition prior to the effective date of the act have no effect since by operation of law, the same signatures would be invalid. Plaintiff/respondent has conceded that he has no objection to signatures affixed to the petition which are now controlled by the new recall provisions.
Having found the matter moot, we remand the case to the district court for dismissal with instructions to assess costs on the basis of one-half to plaintiff and onehalf to defendant.
DISMISSED.
DIXON, C. J., dissents.
NOTES
[*] Chief Judge PAUL B. LANDRY, JR., Retired, participated in this decision as Associate Justice Ad Hoc.