451 So.2d 116 (1984)
S. Mark LOVELL and Quinn-L Corporation, Plaintiffs-Appellees,
v.
HALLELUJAH, INC., et al., Defendants-Appellants.
No. 83-659.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*117 Russell L. Dornier and Thomas R. Elkins, Baton Rouge, for defendants-appellants.
Trimble, Percy, Smith, Wilson, Foote & Walker, J. Michael Percy, Lauve & Hill, Lewis Lauve, Alexandria, for plaintiffs-appellees.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
This case arises out of a continuing dispute among the partners of Quinn-L Corporation-1974, a Louisiana partnership in commendam. On December 10, 1982, S. Mark Lovell and Quinn-L Corporation, the one time general partners of Quinn-L Corporation-1974, filed this suit for damages allegedly incurred as a result of the mismanagement of the partnership. Named as defendants were Quinn-L Corporation-1974, Leonard H. Bossier, L.H. Bossier, Inc., Alexandria Construction Company, and City Partners of 1974, the partners in commendam *118 of Quinn-L Corporation-1974; Fither, Inc., alleged by defendants to be a general partner of Quinn-L Corporation-1974; and, Hallelujah, Inc. and Thomas R. Elkins, as agents of certain of the defendants and managers of the partnership property. Quinn-L Corporation additionally sought an award of damages for breach of a lease agreement against Quinn-L Corporation-1974. In their petition, plaintiffs also prayed for judgment, after summary proceedings, declaring the dissolution of the partnership; a liquidation thereof in accordance with LSA-R.S. 12:141 et seq.; appointment of a judicial liquidator; and, an injunction to prevent defendant from further acts of management of the partnership or its property.
After summary proceedings,[1] the trial judge rendered judgment declaring Quinn-L Corporation-1974 dissolved; ordering a liquidation thereof; appointing Mr. Rod Noles as judicial liquidator; restraining the defendants from any further acts of management of the partnership or its property; and, ordering defendants to immediately turn over to the liquidator all books, records, funds and other property belonging to the partnership. Defendants appeal. There was no disposition by the trial court of plaintiffs' claim for damages which remains to be tried by ordinary proceedings.

FACTS
Quinn-L Corporation-1974, a Louisiana partnership in commendam, was created on February 18, 1974 by execution of an agreement for partnership in commendam, under the original name of "The Pines Apartments". The general partners, as designated in the agreement, were: S. Mark Lovell, an individual, and Quinn-L Corporation, a corporation in which S. Mark Lovell was the sole shareholder and principal executive officer. The sole partner in commendam, as designated by the agreement, was City Partners of 1974, a Louisiana ordinary partnership originally composed of two partners: S. Mark Lovell and Quinn-L Corporation. Thereafter, L.H. Bossier, L.H. Bossier, Inc., and Alexandria Construction Company (hereafter collectively the Bossier interest), entered into negotiations with The Pines Apartments for the purpose of investing in the partnership as limited partners.
Pursuant to the negotiations, the general partners, to accommodate the Bossier interest, retained an attorney to examine the partnership and render a comprehensive tax opinion. The partnership agreement was thereafter amended on June 14, 1974, to effect certain changes including renaming the partnership "Quinn-L Corporation-1974". Once the aforesaid changes had been made to the partnership agreement and approved by the Bossier interest, an amendment, dated June 17, 1974, was made admitting the Bossier interest as additional partners in commendam. In conjunction with the amendment admitting the Bossier interest as partners in commendam, S. Mark Lovell sold his 50% partnership interests in the original commendam partner "City Partners of 1974" to Fither, Inc., a corporation owned by Alexandria Construction Company. The articles of partnership of City Partners of 1974 were amended to reflect the admission of Fither, Inc. thereto.
As designated in the partnership agreement, after completion of the June, 1974 amendments, the partnership consisted of two general partners and four commendam partners, as follows:
1. General Partners
a. S. Mark Lovell an individual;
b. Quinn-L Corporationa corporation owned by S. Mark Lovell.
2. Commendam Partners
a. Leonard H. Bossieran individual;
b. L.H. Bossier, Inc.a corporation owned by Leonard H. Bossier;

*119 c. Alexandria Construction Companya partnership consisting of L.H. Bossier, Inc. and Tidelands Equipment Company;
d. City Partners of 1974 a partnership consisting of Quinn-L Corporation and Fither, Inc.
In due course, the partnership built and operated one phase of an apartment complex known as "Tanglewood Terrace" near the city of Pineville, Louisiana. By 1980, Lovell, believing that the partnership had reached the "crossover point" where it would begin to show a paper profit, thereby terminating the tax shelter, proposed a recapitalization plan to the Bossier interest. The Bossier interest rejected this plan. Thereafter, on September 26, 1980, the general partners entered into a buy-sell agreement to sell the property of the partnership to a syndicate of investors which Lovell had organized.
On October 14, 1980, the partners in commendam, without notice to the general partners, held a meeting whereat the general partners were removed and the limited partners withdrew their power of attorney to sell the real estate of the partnership. On November 11, 1980, the partners in commendam held a second meeting, again without notice to the general partners, at which meeting the articles were further amended to prohibit the sale of property belonging to the partnership without approval of the partners in commendam. On December 3, 1980, a third meeting was allegedly held by the commendam partners, again without notice to the general partners, at which meeting an amendment to the articles of partnership was made by the Bossier interest electing Fither, Inc. as a general partner.
On December 31, 1980, the partners in commendam filed suit seeking injunctive relief prohibiting the sale of "Tanglewood Terrace" to the syndicate organized by Lovell. On trial of that matter, the district court rendered judgment enjoining the proposed sale, which judgment was affirmed on appeal by this court. Bossier v. Lovell, 410 So.2d 821 (La.App. 3rd Cir.1982), writ denied, 414 So.2d 376 (La.1982). This court specifically noted that the validity of the limited partners' removal vote of the general partners was not at issue in that case. Bossier v. Lovell, supra, at 827.
On May 5, 1981, a partnership meeting was held, at which meeting the removal of Mr. Lovell and Quinn-L Corporation as general partners was ratified. Prior notice of this meeting was sent to Lovell who was out of the state at the time. However, Lovell's father did attend the meeting.
By letter dated July 20, 1982, the attorney for Lovell and Quinn-L Corporation, advised Thomas Elkins that Lovell and Quinn-L Corporation proposed to sell their interests in the partnership to James G.R. Smith for a total cash price of $57,502.00. The letter requested notice to the Bossier interest and gave the other owners a 30 day right of refusal. This letter prompted the filing of civil suit number 124,043, Bossier v. Lovell, docket of the Ninth Judicial District Court, in which the Bossier interest sought injunctive relief against Lovell, Quinn-L Corporation and Smith, enjoining the sale. The district court in that suit granted a temporary restraining order but, on hearing, dissolved the temporary restraining order and denied injunctive relief, finding that the commendam partners had already dissolved the partnership. No appeal was taken from that judgment.
Plaintiffs' demands in this suit for liquidation and appointment of a judicial liquidator, are based on the finding of the trial judge in civil suit number 124,043, that the partnership was dissolved. Defendants resist plaintiffs' demands contending that the partnership continues in existence. The trial judge, relying extensively on his reasons for judgment in civil suit number 124,043, which were made a part of this record, after finding no evidence or legal argument produced in the present case to convince him otherwise, held that the simultaneous removal of Lovell and Quinn-L Corporation as general partners dissolved the partnership. Accordingly, the trial court rendered judgment in favor of plaintiffs as aforestated. Defendants appeal.
*120 The issues on appeal, as framed by defendants, are as follows:
1. Did the commendam partners have the legal right and power to remove the general partners?
2. Did the commendam partners remove S. Mark Lovell and Quinn-L Corporation as general partners?
3. If so, when was the removal of the general partners effective?
4. Does the partnership agreement provide for continued life of the partnership upon removal of the general partners?
5. What was the status of the entities, City Partners of 1974 and Fither, Inc.?
As regards the first two issues, the trial court concluded that the commendam partners had the right and authority to remove S. Mark Lovell and Quinn-L Corporation as general partners and that the latter were in fact removed as general partners. Neither plaintiffs nor defendants take issue with these findings of the trial court. We therefore consider these determinations to be settled and express no opinion in regard thereto.

EFFECT OF REMOVAL OF ALL GENERAL PARTNERS
Accepting, as do all of the parties to this suit, the valid removal of Lovell and Quinn-L Corporation as general partners, the question remains whether their removal effected the dissolution of the partnership either pursuant to the partnership agreement or pursuant to the prevailing civil code articles on partnership. We will assume for now that Lovell and Quinn-L Corporation were the only general partners.
Act 150 of 1980 repealed Articles 2801 through 2840 of Title XI of Book I of the Louisiana Civil Code pertaining to partnership. In their place were substituted Article 2801 through 2848, effective January 1, 1981.
The articles of partnership of Quinn-L Corporation-1974, as amended, were adopted on June 14, 1974. Defendants contend that the attempted removal of Lovell and Quinn-L Corporation in October, 1980 was ineffective due to the lack of proper notice. They therefore contend that Lovell and Quinn-L Corporation remained as general partners until the removal was ratified on May 5, 1981, after written notice of the meeting to all partners, at which meeting Lovell was represented by his father. This latter meeting occurred after the effective date of Act 150 of 1980. The trial judge made no finding with regard to the effective date of the removal of Lovell and Quinn-L Corporation. Because we determine that the result is the same under the Louisiana law of partnership as it existed both prior to and after the effective date of Act 150 of 1980, we need not determine the effective date of the removal.
Under the prior law, a Louisiana partnership was dissolved by any change in the relation of the partners. LSA-C.C. Art. 2876 (1870); Comment, Dissolution and Termination of Partnerships, 45 Tulane Law Review 389, at 396 and cases cited therein. Thus, it appears that under the old provisions, the removal of the general partners would result in the dissolution of the partnership.
The new provisions adopted by Act 150 of 1980 substantially changed the law, in that a change in relation of the parties by death, interdiction, expulsion or withdrawal merely terminates the membership of the partner and not the partnership itself. However, even under the new provisions, the reduction of membership in the partnership to one person terminates the partnership. LSA-C.C. Art. 2826. Acts 1980, No. 150, § 1,[2] Comment (d) of the official comments to that article explains as follows:

*121 "If membership is reduced to one person, the entity no longer meets the definition of `partnership', which requires that there be two or more persons, but the business may be continued as a sole proprietorship as provided in article 2828, supra."
In the present case, the removal of Lovell and Quinn-L Corporation did not reduce membership in the partnership to one person, however it did result in the departure of all general partners. The trial judge, apparently reading together LSA-C.C. Arts. 2829 and 2837 of the new partnership articles, concluded that by definition of a partnership in commendam, the departure of all general partners would also result in termination. In so doing, he cites the comment, "An Examination of Louisiana Limited Partnership-The Partnership In Commendam", 55 Tulane Law Review, p. 515, 540, in which the writer states as follows:
"Since, by definition, continuance of a partnership in commendam is dependent upon the existence of at least one general partner, the departure of the sole general partner would appear to dissolve the partnership.123 This result is consistent with the ULPA which provides that a limited partnership is dissolved upon the withdrawal of a sole general partner unless there is at least one other general partner and the certificate permits the partnership to continue.124
123 La.Civ.Code art. 2837. Since the general partner managers the business, the firm could not continue its business without a general partner unless the limited partners were to be held liable as general partners. See id. art. 2844. Arguably, the partner in commendam can agree to continue the business and appoint an additional general partner within a specified time so as to avoid the dissolution of the partnership. See Uniform Limited Partnership Act § 801(3) (1976).
124 Uniform Limited Partnership Act § 801(3) (1976)."
Defendants, on the other hand, argue the above stated position of footnote 123 that dissolution can be avoided by agreement of the partners in commendam. This result would require a limbo period at least until an additional general partner is appointed, where the firm would either be without management or the limited partners would be held liable as general partners. We think the better position is that the departure of all general partners results in dissolution. Our interpretation of the new partnership provisions supports this conclusion. LSA-C.C. Art. 2836 makes the provisions of the other chapters of Title XI applicable to partnerships in commendam to the extent that they are consistent with Chapter 7 on the partnership in commendam. Comment (b) of the official comments to that article provides that provisions of Chapter 7 should be construed as mandatory because of the nature of the partnership in commendam and the manner in which it affects the interests of third parties. In addition, the requirement of existence of at least one general partner may not be departed from (even temporarily) not only because it is mandatory but because it is essential as contained in the definition of a partnership in commendam. See Comment (b) to LSA-C.C. Art. 2802.
Although avoidance of dissolution in such a case might be desirable, we think the legislature is the proper forum to address such a contingency. In this respect, we note that dissolution could have been avoided in the present case under the new provisions of the code by avoiding the simultaneous removal of all general partners.
Having concluded that the requirement that there be at least one general partner may not be departed from, we need not consider whether the articles of partnership, as contended by defendants, provide for continuation upon removal of both general partners.

EFFECT OF THE REMOVAL OF LOVELL AND QUINN-L AS GENERAL PARTNERS
Defendants contend that a valid distinction may be made between "removal" and "deprivation of management" and that by "removing" Lovell and Quinn-L Corporation *122 they intended only to deprive them of their management authority.
We need not decide in this case whether under our law a general partner may be stripped of his management authority and yet remain as a member of the partnership. Even assuming arguendo that a choice is available, the action taken must be judged by the facts extant at the time and in light of the provisions of the articles of partnership. In the instant case, the record makes clear that the Bossier interest sought removal of Lovell and Quinn-L Corporation as partners. Further, the partnership agreement, as amended, specifically Articles 4(b), 25 and 28, on which defendants rely, utilizes the specific term "removal". In context, these articles deal with "the death, incapacity, resignation or removal of either general partner...". The connotation of each condition is that the general partner can no longer serve as a partner, rather than being simply deprived of management. For these reasons, we find no merit in this contention of defendants.

THE EXISTENCE OF OTHER GENERAL PARTNERS
In the alternative, defendants contend that the partnership remains in existence because Lovell and Quinn-L Corporation were not the only general partners and therefore their removal did not constitute the departure of all general partners. Defendants base their contention on the following hypotheses:
1. On February 18, 1974, at the time of its inception, the partnership known as "The Pines Apartments" because of its composition, was, in reality, an ordinary partnership and therefore City Partners of 1974 has always been a general partner of Quinn-L Corporation-1974.
2. Fither, Inc. was a general partner at the time of the removal of Lovell and Quinn-L Corporation.

STATUS OF CITY PARTNERS OF 1974
City Partners of 1974 was designated in the original partnership agreement of "The Pines Apartments" as the only partner in commendam. City Partners of 1974 was an ordinary Louisiana partnership. At that time its only two partners were S. Mark Lovell and Quinn-L Corporation, the only general partners as designated by the partnership articles.
For this argument, defendants rely on a letter opinion which the Bossier interest requested for Federal Income Tax purposes before investing in the partnership, in which the following statement was made:[3]
"The Partnership agreement has been amended to better insure treatment as a partnership in commendam under Louisiana law. There is a possibility that the Partnership as originally formed was not a partnership in commendam but rather merely a general partnership ... No opinion is expressed as to whether or not the amendment will have the effect of insulating City Partners of 1974 or any Partner of City Partners of 1974 from personal liability."
In response to this argument, the trial judge stated in his written reasons for judgment as follows:
"In brief, the defendants maintained that City Partners of 1974 was somehow a General Partner. However, a simple reading of the Partnership agreement convinces the court that City Partners was admitted as an in commendam partner, not as a general partner. Further, the defendants themselves never considered City Partners anything but a commendam partner in that throughout the entire removal proceedings, nothing was ever mentioned of City Partners being *123 a General Partner. The same is also true of Fither, Inc."
We find no error in the trial judge's conclusion. Under our partnership law applicable in the year 1974, a Louisiana partnership was dissolved by any change in the relation of the partners, including the addition of new partners. Abat & Generes v. Penny, 19 La.Ann. 289 (La.1867). Thus, the old partnership created February 18, 1974 was dissolved by the addition of the Bossier interest as partners, with a new entity being established which merely continued the business operation of the former without interruption. Whether or not City Partners of 1974 or its partners are insulated from personal liability vis-a-vis third persons or how it is treated by the Internal Revenue Service is immaterial to this case. It is clear from the original partnership agreement, and each of the other 1974 amendments to the partnership agreement, that the intention of all of the parties to the contracts creating the partnership was that the status of City Partners of 1974 would be that of a partner in commendam.

STATUS OF FITHER, INC.
Defendants contend that Fither, Inc. was also a general partner at the time that Lovell and Quinn-L Corporation were removed. For this highly contingent argument, defendants again rely on a finding that their removal attempt of October, 1980 was ineffective, and that the valid removal of Lovell and Quinn-L Corporation did not take place until May 25, 1981. This argument is further contingent on the alleged valid election of Fither, Inc. as a general partner on December 2, 1980. We reject this argument.
On December 2, 1980, Fither, Inc. was not designated in the articles of partnership as a partner of Quinn-L Corporation-1974. Fither, Inc. was merely a partner in City Partners of 1974 which in turn was designated a partner of Quinn-L Corporation-1974. Louisiana law considers a partnership a separate juridicial entity. LSA-C.C. Art. 2801 (Act 150, § 1, 1980). This article merely codified existing principles and makes no change in the law. In order to validly elect Fither, Inc. as a general partner, it was first necessary to admit Fither, Inc. to the partnership. It is important to remember that defendants are claiming that Lovell and Quinn-L Corporation were still general partners with full administrative powers. Defendants' argument that Fither, Inc. was admitted as a general partner at the meeting of December 2, 1980 ultimately fails because it runs afoul of the requirement of unanimity for the admission of a partner since Lovell and Quinn-L Corporation did not vote. LSA-C.C. Art. 2807.
In addition, we find no merit in defendants' argument that by listing Fither, Inc. as a partner on tax returns filed with the Internal Revenue Service, the general partners acquiesced in the admission of Fither, Inc. as a partner.
Finally, all of the arguments proposed by defendants for finding the continuous existence of at least one general partner are clearly, as the trial court found, contrary to the position taken by defendants throughout the entire proceedings and apparently are attempts to find a favorable fact scenario.
For the above reasons, we find no error in the trial court's conclusion that removal of Lovell and Quinn-L Corporation resulted in the removal of all general partners and automatic dissolution of the partnership.

EFFECT OF DISSOLUTION AND ORDER OF JUDICIAL LIQUIDATION
Upon concluding that the partnership was dissolved, the trial judge ordered a judicial liquidation and appointed a judicial liquidator, relying on LSA-C.C. Art. 2834 which provides as follows:
"In the absence of contrary agreement, a partnership is liquidated in the same manner and according to the same rules that govern the liquidation of corporations.
A partnership retains its juridical personality for the purpose of liquidation." *124 Finding no contrary agreement in the articles of partnership, the trial judge merely applied the rules that govern the liquidation of corporations, specifically citing LSA-R.S. 12:141 and LSA-R.S. 12:142(D).
Official comment (c) to LSA-C.C. Art. 2834 provides as follows:
"(c) Once a cause of termination occurs, the partnership is required to liquidate, unless it is continued as provided in Articles 2827 and 2828, supra. If the partnership does not liquidate after a cause of termination has occurred, any interested party may seek a court order directing liquidation and a judicial appointment of a liquidator. An "interested party" includes a partner, a third party creditor, an heir or assign of a partner, or any one who has a legitimate interest in the liquidation of the partnership. If the interested party has good reason for demanding liquidation, he may force liquidation even in case the partnership or the business has been continued as provided in Articles 2827 and 2828, supra."

Defendants contend that they are entitled to continue the partnership despite termination pursuant to LSA-C.C. Art. 2827 which provides as follows:
"A partnership may be expressly or tacitly continued when its term expires or its object is attained, or when a resolutory condition of the contract of partnership is fulfilled. If the object becomes impossible, the partnership may be continued for a different object.
Unless otherwise agreed, a partnership that is expressly or tacitly continued has no term."
The cause of termination in the present case was departure of all of the general partners, a cause not enumerated in LSA-C.C. Art. 2827. That article is therefore inapplicable and the partnership is required to liquidate. We therefore find no error in the trial judge's order directing liquidation and appointing a liquidator.
For the foregoing reasons, the judgment appealed from is affirmed and this matter is remanded to the trial court for further proceedings consistent with the views expressed.
AFFIRMED AND REMANDED.
NOTES
[1] We need not decide whether the use of summary proceedings for the trial of these matters was proper since no objection thereto was raised by any of the parties. LSA-C.C.P. Art. 926.
[2] LSA-C.C. Art. 2826 was amended by Acts 1981, No. 797, § 1, to provide that the retirement, death, interdiction, or dissolution of any general partner will terminate the partnership unless continued pursuant to the articles of partnership or by consent of all of the remaining partners, assuming membership is not reduced to one person.
[3] The letter opinion suggests the possibility that because of the ownership of City Partners of 1974, question might be raised concerning the validity of Quinn-L Corporation-1974 as a partnership in commendam. Subsequent to rendition of this letter opinion, S. Mark Lovell conveyed his interest in City Partners of 1974 to Fither, Inc.