452 So.2d 395 (1984)
The SAVINGS BANK OF BALTIMORE, Plaintiff-Appellee,
v.
VENTURE 73, et al., Defendants-Appellants.
No. 83-742.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Rehearing Denied July 25, 1984.
Writ Denied October 26, 1984.
Michael H. Davis, Alexandria, for defendants-appellants.
Bolen & Erwin, Ltd., John Honeycutt, Gold, Little, Simon, Weems & Bruser, Donald Sharp, Alexandria, for plaintiff-appellee.
Gary & Field, Russell L. Dornier and Thomas R. Elkins, Baton Rouge, Trimble, Randow, Percy Wilson & Foote, Michael Percy and Lon Wilson, Alexandria, for defendant-appellee.
Before DOMENGEAUX, CUTRER and STOKER, JJ.
DOMENGEAUX, Judge.
Appellant, the liquidator appointed to represent Quinn-L Corporation 1974 (one of the defendants herein), has appealed devolutively from a judgment denying its petition for an injunction to prevent a seizure and sale under executory process. Plaintiff-appellee, The Savings Bank of Baltimore, has moved to dismiss the appeal taken by the liquidator.

FACTS
This lawsuit arises out of a series of transactions between the plaintiff-appellee (The Savings Bank of Baltimore) and the defendants (Quinn-L Corporation 1974 and Venture 73two Louisiana partnerships in commendam).
The Savings Bank of Baltimore filed a petition against the two defendants for executory process based upon a promissory *396 note dated August 31, 1977, for the principal sum of $1,650,000.00 which The Savings Bank of Baltimore loaned the defendants. The Savings Bank of Baltimore was holder of the note executed by defendants. The note provided for interest and attorney's fees and was secured by an Act of Mortgage on two separate pieces of property. Defendant Quinn-L Corporation 1974 owned one tract and defendant Venture 73 owned the adjoining tract of land. This mortgage was recorded in the Rapides Parish Mortgage Office on August 31, 1977. The Savings Bank of Baltimore's petition for executory process was granted on December 23, 1982, and the properties owned by the defendants were seized. During the pendency of these proceedings, in a separate lawsuit, Quinn-L Corporation 1974 was declared dissolved (due to the removal of its two general partners), ordered liquidated, and a liquidator was appointed. See Lovell v. Hallelujah, Inc., 451 So.2d 116 (La.App. 3rd Cir.1984).
The liquidator representing Quinn-L Corporation 1974 acted to prevent the seizure and sale of the mortgaged property at issue by obtaining a temporary restraining order on January 10, 1983, and subsequently filing a petition for a preliminary injunction and permanent injunction.
A hearing on the matter was held and the trial court rendered judgment on May 25, 1983, which dissolved the temporary restraining order, denied the preliminary injunction, and dismissed the liquidator's petition at its costs. The trial court stated in its written reasons for judgment that it refused to enjoin the executory process because the partnership in commendam, Quinn-L Corporation 1974, had been dissolved by the removal of both general partners. The Act of Mortgage provided that such action was tantamount to default and therefore The Savings Bank of Baltimore was entitled to the foreclosure sale. Formal judgment was signed on May 26, 1983. The liquidator devolutively appealed the adverse judgment on June 7, 1983.
Upon granting the appeal, the trial court stayed further proceedings in the matter pending appeal. Pursuant to application for a supervisory writ filed by The Savings Bank of Baltimore, this Court ordered the trial court's stay order vacated and set aside. See Savings Bank of Baltimore v. Venture 73, (August 23, 1983, our writ No. 83-770).

ON MOTION TO DISMISS APPEAL
Prior to our deciding this case, we became aware that the Sheriff's sale which defendant liquidator sought to enjoin had already taken place. A certified copy of the Sheriff's procesverbal and deed apprises us that the property was offered for sale on January 11, 1984, pursuant to the order of seizure and sale under the executory proceeding, and sold to the highest bidder for $2,800,000.00. See United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899, n. 2 (La.1978); Giacona v. Conti Commodity Services, Inc., 423 So.2d 741 (La.App. 4th Cir.1982), writ denied, 427 So.2d 1211 (La.1983). Neither plaintiff nor defendant disputes the occurrence of the sale.
The only relief requested in these proceedings was an injunction to arrest the seizure and sale of the mortgaged property. Given the posture of this matter, the issue is thus moot. Bank of Southwest Louisiana v. Thibodeaux, 441 So.2d 11 (La.App. 3rd Cir.1983); Aucoin v. Evangeline Parish Police Jury, 338 So.2d 789 (La.App. 3rd Cir.1976); Rourke v. Coursey, 334 So.2d 480 (La.App. 3rd Cir.1976).
It is the function of appellate courts to render judgments or decrees that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical result can be derived. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405 (La.1980); United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899 (La.1978); Chavers v. Chavers, 411 So.2d 490 (La.App. 1st Cir. 1982); Upper Audubon Association v. Audubon Park Commission, 329 So.2d 209 (La.App. 4th Cir.1976), writ denied, 333 So.2d 240 (La.1976); La.C.C.P. Art. 2164.
*397 In the interest of judicial economy this Court will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. La.C.C.P. Art. 1871. Any decision made by us now would be advisory. Taylor v. Louisiana Commission on Governmental Ethics, 340 So.2d 1021 (La.App. 1st Cir.1976).
Clearly, the subsequent sale of the property following the judgment of the trial court renders the issues presented by the appeal merely hypothetical and no longer viable. Mr. Pizza, Inc. v. Furlow, 230 So.2d 649 (La.App. 4th Cir.1970). Therefore, we must hold that all issues presented on this appeal are moot, and, accordingly the appeal must be dismissed.

DECREE
For the above and foregoing reasons, the appeal is dismissed at appellant's costs.
APPEAL DISMISSED.