722 So.2d 48 (1998)
UNITED COMPANIES LENDING CORPORATION
v.
Ella Wallace HALL.
No. 97 CA 2525.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*49 Robert E. Palmer, Ponchatoula, for Defendant/Appellant Ella Wallace Hall.
J. Donald Morgan, Blake E. Rizzo, Baton Rouge, for Plaintiff/Appellee United Companies Lending Corporation.
Before GONZALES, KUHN and WEIMER, JJ.
GONZALES, J.
This is an appeal from a judgment denying a preliminary injunction. The plaintiff, United Companies Lending Corporation (UC), filed a suit for executory process, seeking to foreclose on property mortgaged by the defendant, Ella Wallace Hall. In response, Ms. Hall filed an answer, reconventional demand, and request for injunctive relief, seeking to enjoin UC from proceeding with the seizure and sale of the property. The trial court denied Ms. Hall's request for injunctive relief, and it is from this adverse judgment that Ms. Hall appeals.

FACTUAL AND PROCEDURAL HISTORY
On March 6, 1990, Ms. Hall executed a promissory note in favor of United Companies Financial Corporation for $27,400.00. To secure payment of the note, Ms. Hall also executed an act of mortgage, mortgaging immovable property she owned in Tangipahoa Parish. By assignment, UC eventually became the holder of the note and mortgage.
UC filed suit against Ms. Hall, on October 23, 1996, alleging that she had defaulted on the note by failing to make payments as scheduled. UC sought and was granted an order of executory process and a writ of seizure and sale of the mortgaged property to satisfy the outstanding indebtedness owed by Ms. Hall. On October 30, 1996, the property was seized, and Ms. Hall was served with notice of the seizure and notice to appoint an appraiser. The property was advertised for sale in a local newspaper. The sale was advertised to take place on December 18,1996.
On December 4, 1996, Ms. Hall filed an answer, reconventional demand, and request for issuance of a preliminary injunction. On December 13, 1996, the trial court issued an order, directing UC to show cause at a December 16, 1996 hearing why the preliminary injunction should not be granted. After the hearing, the trial court signed a judgment, denying Ms. Hall's request for the preliminary injunction. UC subsequently purchased the mortgaged property at the sheriff's sale which took place as scheduled on December 18,1996.

DISCUSSION
Louisiana Code of Civil Procedure article 2642 provides in pertinent part:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
In this case, Ms. Hall sought to assert her defenses through an injunction proceeding to arrest the seizure and sale, rather than appealing from the order directing the issuance of the writ of seizure and sale. After a hearing, the trial court denied the request for a preliminary injunction. Ms. Hall filed a suspensive appeal from the judgment denying the motion for preliminary injunction, as opposed to suspensively appealing the order *50 issuing the writ of seizure and sale. UC moves to dismiss the appeal on the ground that the matter is moot.
We first note that jurisprudence clearly shows that a suspensive appeal from a denial of a motion for preliminary injunction is inappropriate, as the suspensive appeal of the order denying the injunction does not suspend the executory process proceeding. Acme v. Mortgage Co., Inc. v. Cross, 464 So.2d 945, 946-947 (La.App. 4th Cir.1985); Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87, 90-91 (La.App. 4th Cir.1980). A defendant who chooses to present defenses and objections to the seizure and sale by way of a suit for injunctive relief takes the substantial risk that, upon denial of a preliminary injunction, the property will be sold before an appellate court considers the merits of a devolutive appeal. Acme Mortgage Co.,Inc., 464 So.2d at 947.
When the preliminary injunction to arrest the seizure and sale is denied, there is in effect no judgment to suspend. The issue to be addressed in this case was most clearly articulated in Acme Mortgage Co., Inc. v. Cross, 464 So.2d 945, 946-947 (La.App. 4th Cir.1985):
A suspensive appeal taken within fifteen days from the issuance of the writ of seizure and sale suspends its execution during the pendency of the appeal, and the property cannot be sold. On the other hand, if a defendant chooses to seek injunctive relief and the Trial Court denies it, there is no right to a suspensive appeal, La. C.C.P. art. 3612, and while there is a right to a devolutive appeal, more probably than not, the property will be sold while the appeal is pending.
Louisiana Code of Civil Procedure Article 3612 provides that it is within the court's discretion to suspend an article relating to an injunction during the pendency of an appeal. However, in cases such as this one, where the Trial Court has refused to grant a preliminary injunction, a suspensive appeal is inappropriate since there is no injunctive order to suspend. Hibernia National Bank v. Mary, 167 So.2d 200 (La. App. 4th Cir.), writ denied 246 La. 876, 167 So.2d 826 (La.1946[1964]). Furthermore, as we stated in Hibernia, and reiterated in our order denying writs in this case (No. C-1077, Aug. 29, 1983):
To interpret the stay order, as evidently intended by the respondent judge, to apply to the proceeding of executory process would allow to be done indirectly that which there is no authority to do directly, namely, to operate as a supensive appeal from executory process, after the right to such appeal has passed, and then for a nominal bond. Such interpretation would seriously impair and to a large extent nullify the operation of the laws relating to executory process. This obviously is not the intent of Article 3612. To allow the stay order to stop the executory process amounts to a nullification of the court's judgment denying injunction. It grants the pricise [sic] relief the court intended to deny. It is a contradiction on its face. If indeed such was the court's intent, it should have granted the injunction.
The only relief requested in these proceedings was an injunction to arrest the seizure and sale of the mortgaged property. Given the posture of this matter, the issue is thus moot because the foreclosure sale has occurred. Savings Bank of Baltimore v. Venture 73, 452 So.2d 395, 396 (La.App. 3rd Cir.), writ denied, 458 So.2d 487 (La.1984). A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405, 406 (La.1980). In the interest of judicial economy, this Court will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. Any decision made by us now would be advisory. Savings Bank of Baltimore v. Venture 73, 452 So.2d at 397.
Defenses and procedural objections can be asserted only through an injunction proceeding to arrest the seizure and sale, or the defendant may appeal suspensively from the order directing the issuance of the writ of seizure and sale. Whether or not there was any merit in these issues, they were, at most, *51 relevant to the petition for injunction. Mr. Pizza, Inc. v. Furlow, 230 So.2d 649, 652 (La.App. 4th Cir.1970).
The injunctive relief sought by Ms. Hall was denied by the judgment of the trial court on December 18, 1996; that is the judgment now on appeal. We, therefore, hold that all the issues presented on appeal are now moot, and, accordingly, the appeal must be dismissed. See Mr. Pizza, Inc., v. Furlow, 230 So.2d at 652.
Therefore, for the foregoing reasons, we find that all issues presented in this appeal are moot, and, accordingly, this appeal is DISMISSED. Costs are assessed against Ms. Hall.