11 FITZSIMMONS, Judge,
concurring with additional reasons.
I respectfully concur for the purpose of adding the following observation. Insofar as the issue of the executory status of the foreign judgment is concerned, the relief requested in the appeal before us is moot. A moot issue is one in which a judgment or decree can give no practical relief. United Companies Lending Corporation v. Hall, 97-2525, p. 4 (La.App. 1st Cir. 11/6/98); 722 So.2d 48, 50. Thus, the judgment prohibiting Mr. Cutrer from working for a competitive company until January 4, 1998 ceased to be a justiciable issue as of that date. Were it the only issue presented to this panel, this court would refrain from rendering advisory decisions.
In the instant appeal, however, the second issue of the district court’s grant of the motion for contempt, damages, and attorney fees to the plaintiff is inextricably contingent upon the court’s determination of the enforceability of the Texas judgment. Accordingly, discussion and clarification of this court’s prior holding is not merely advisory, but relevant to the justi-ciable issue of the validity of the contempt holding,
The majority’s reliance on the law of the case doctrine is appropriate under the present circumstances. Although appellate courts are not absolutely bound by the law of the case doctrine, given this court’s concomitant recognition in executory foreign judgments of the necessity of notice and an opportunity to present evidence as to why enforcement of the judgment should not be stayed within a 30 day period, there is no showing in the |ginstant matter that this court’s previous decree would accomplish an obvious injustice or that it is manifestly erroneous. See Dodson v. Community Blood Center of Louisiana, 633 So.2d 252, 255 (La.App. 1st Cir. 1993). units denied, 93-3158 (La.3/18/94); 634 So.2d 850, and 93-3174 (La.3/18/94); 634 So.2d 851.