971 So.2d 1049 (2007)
AARON & TURNER, LLC
v.
Melissa Michelle PERRET.
No. 2006 CA 2433.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Randall A. Shipp, Baton Rouge, Counsel for Defendant-Appellant Melissa Michelle Perret.
Connell L. Archey, Jennifer A. Hataway, Baton Rouge, Counsel for Plaintiff-Appellee Aaron & Turner, L.L.C.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
A homeowner appeals the trial court's denial of her request for a preliminary injunction to prevent the sale of her home by executory process.

FACTS AND PROCEDURAL HISTORY
On February 28, 2001, Melissa Michelle Perret signed documents to effect the refinancing of a mortgage on her home, located at 325 Westmoreland Drive in Baton Rouge, Louisiana. In conjunction with the transaction to refinance her home, Ms. Perret executed a promissory note in favor of ABN AMRO Mortgage Group, Inc. (ABN AMRO) and an act of mortgage on her home to secure payment of the promissory note. Thereafter, $40,000 was disbursed to and on behalf of Ms. Perret to complete the transaction.[1] The law firm of Aaron & Turner, L.L.C., represented by Bruce K. Turner, an attorney with the *1050 firm, acted as the closing agent for the transaction.[2] Unbeknownst to Ms. Perret, the funds disbursed to and on her behalf during the transaction were advanced by Aaron & Turner, L.L.C.
Following the refinance transaction, Ms. Perret attempted to remit payment to ABN AMRO in accordance with the terms of the mortgage agreement; ABN AMRO, however, refused payment on the basis that it had no record that Ms. Perret was indebted to it Over the course of the next few years, Ms. Perret continued to inquire about the mortgage in order to remit payment without success. Finally, in 2005, Ms. Perret asked a friend, who was a financial advisor, to investigate the matter for her. The friend eventually contacted Aaron & Turner, L.L.C. to learn if the law firm had any information concerning why ABN AMRO was not acknowledging the debt.
As a result of this inquiry, Aaron & Turner, L.L.C. discovered that the money disbursed to and on behalf of Ms. Perret in 2001 to refinance her home was not advanced by ABN AMRO, but was advanced by the law firm from its client's trust account. It was further discovered that ABN AMRO had never advanced any monies to Aaron & Turner, L.L.C., either prior to or following the loan closing, to fund Perret's mortgage refinance. In light of this knowledge, Aaron & Turner, L.L.C. demanded that Ms. Perret pay the total outstanding indebtedness due on the loan and further demanded that ABN AMRO assign the note and mortgage executed by Ms. Perret in favor of ABN AMRO to the law firm.
By an act of assignment dated February 9, 2006, ABN AMRO transferred to Aaron & Turner, L.L.C. all its "rights, title, interest, privileges and rights of action under the note, the mortgage, and attendant security rights" in the note and mortgage executed by Ms. Perret in 2001. Ms. Perret, however, did not remit payment as demanded and on May 26, 2006, Aaron & Turner, L.L.C. filed a petition for executory process against Ms. Perret for the seizure and sale of her home. After considering the petition and documents attached thereto, the trial court issued an order wherein it appointed Aaron & Turner, L.L.C. "keeper" of Ms. Perret's home and further directed that a writ be issued to the Sheriff for the seizure and sale Ms. Perret's home.
Ms. Perret, in turn, filed a "Petition for Injunction and Declinatory Exception of Lis Pendens" to vacate the appointment of Aaron & Turner, L.L.C. as keeper of her home and to permanently enjoin the seizure and sale of her home by executory process. At the hearing on Ms. Perret's petition, the trial court initially decreed, in open court, that it would enjoin the seizure and sale of Ms. Perret's home and expressed hope that the dispute would be "worked out" in the separate action filed by Aaron & Turner, L.L.C. prior to it pursuing its claims against Ms. Perret by executory process. However, following a subsequent settlement conference at which the parties were unable to reach an agreement, the trial court reconsidered its earlier ruling and decided to deny Ms. Perret's exception and petition for injunctive relief, which decree was reduced to a written judgment signed by the trial court on September 13, 2006. It is from that judgment that Ms. Perret now devolutively appeals.

MOTION TO DISMISS APPEAL
While this matter was pending, Aaron & Turner, L.L.C. filed a motion to dismiss *1051 the appeal as moot and attached to the motion evidence that Ms. Perret's home had been sold at a sheriffs sale.[3] Thus, Aaron & Turner, L.L.C. assert that Ms. Perret's devolutive appeal of the judgment denying her request for injunctive relief cannot afford her any practical relief and that the appeal should be dismissed. The motion was referred to this panel for consideration in conjunction with the merits of the appeal.
Louisiana Code of Civil Procedure article 2642 provides "[d]efenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale . . . or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both." In this case, Ms. Perret asserted her defenses and objections to the executory proceedings instituted by Aaron & Turner, L.L.C. by a petition for injunction, rather than by suspensively appealing the order directing the seizure and sale of her home, thereby risking the loss of her home in the event her petition for injunction was denied.
In United Companies Lending Corporation v. Hall, 97-2525 (La.App. 1st Cir.11/6/98), 722 So.2d 48, this court held that a devolutive appeal of a judgment denying a petition for injunctive relief was rendered moot upon the occurrence of the sale of the petitioner's immovable property by the sheriff, which sale the petitioner had sought to enjoin. In so finding, this court dismissed the petitioner's devolutive appeal, explaining:
In the interest of judicial economy, this Court will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. Any decision made by us now would be advisory.
United Companies Lending Corporation, 97-2525 at p. 4, 722 So.2d at 50.
We are therefore constrained to find that the matter pending before us has been rendered moot upon the occurrence of Ms. Perret's home being sold by the sheriff. Any pronouncement by this panel on the propriety of the executory proceedings and the trial court's denial of Ms. Perret's petition for injunction would be merely advisory and could not bring about the cancellation of the sheriffs sale as prayed for by Ms. Perret in her petition. Accordingly, we grant Aaron & Turner, L.L.C.'s motion to dismiss Ms. Perret's appeal as moot. Costs are to be equally assessed to the parties.
APPEAL DISMISSED.
HUGHES, J., dissents.
NOTES
[1] According to the settlement statement introduced into evidence, $31,532.42 of the funds were disbursed to Hibernia to pay off the existing mortgage on the home, $6,011.52 was disbursed to Ms. Perret, and the remaining $2,456.06 was disbursed in payment of various settlement charges.
[2] William R. Aaron, another attorney with the firm, signed the mortgage on behalf of ABN AMRO.
[3] According to the motion, Ms. Perret's home was sold at sheriff's sale on November 15, 2006, to a third-party purchaser.