HAROLD J. AUGUSTINE, JR.
v.
WARDEN LYNN COOPER, DEPUTY WARDEN MARY M. PELLEGRIN, NIKKI CHENEVERT AND RICHARD STALDER (LINDA RAMSEY)
No. 2007 CA 0626.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
HAROLD J. AUGUSTINE, Jr., In Proper Person, Plaintiff-Appellant
L. BRUCE DODD, Attorney for Defendants-Appellees, Warden Lynn Cooper, et al.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
The plaintiff/appellant, Harold J. Augustine, Jr. is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") confined to Avoyelles Correctional Center in Cottonport, Louisiana. He appeals the judgment of the district court dismissing his petition for judicial review of administrative remedy procedure (ARP) number AVC-2005-193. For reasons that follow, we dismiss the appeal as moot.
In 1997, the plaintiff was convicted by a jury in St. Tammany Parish of possession of stolen property under docket number 214,975 and possession of an automobile with an altered Vehicle Identification Number under docket number 214,976. On June 9, 1997, the district judge in St. Tammany Parish ("the sentencing court") sentenced the plaintiff to six years of imprisonment at hard labor in the custody of the Department for his conviction in docket number 214,975 and sentenced the plaintiff to two years at hard labor in the custody of the Department in docket number 214,976. The sentencing court ordered the sentences in 214,975 and 214,976 to run concurrently.
On July 11, 1997, the plaintiff was adjudicated a third felony offender with regard to the possession of stolen property conviction.[1] The sentencing court vacated the previously imposed sentence of six years at hard labor in the custody of the Department, and sentenced the plaintiff to ten years.[2] The transcript of the habitual offender adjudication proceedings reflects that the sentencing court imposed a sentence of ten years without benefit of probation or suspension of sentence, but the sentencing court did not indicate whether the sentence was to be served at hard labor. However, the minutes of the sentencing court from the habitual offender adjudication proceedings provide that the plaintiff was sentenced to ten years at hard labor in the custody of the Department. This discrepancy between the minutes and the transcript from the habitual offender adjudication proceedings forms the basis of the plaintiff's claims in the present petition for judicial review, and it has also been an issue in at least eight supervisory writ applications filed by the plaintiff with this court.[3]
In the plaintiffs ARP, he claimed that the Department was illegally holding him, sought to have the Department change his sentence from ten years at hard labor to ten years without hard labor, and sought to be returned to the St. Tammany Parish prison to serve the remainder of his sentence. The plaintiff's argument was premised on State v. Lynch, 441 So.2d 732, 734 (La. 1983), which provides that when there is a discrepancy between the minutes and the transcript, the transcript prevails. And, since La. R.S. 15:824(C) provides that only individuals actually sentenced to death or confinement at hard labor are to be committed to the Department, the plaintiff contended that because the transcript does not reflect that he was sentenced to hard labor, he should be serving his sentence in the St. Tammany Parish prison instead of in the custody of the Department.
The Department reviewed and denied the plaintiff's ARP claim noting that while the minutes sentenced the plaintiff to serve ten years at hard labor with the Department and the transcript sentenced the plaintiff to serve ten years without benefit of probation or suspension of sentence, "[t]he transcript [would] not override the minutes as there [was] no expressed [sic] order in the transcript to say this [was] a parish sentence." Dissatisfied with the decision of the Department, the plaintiff filed a petition for judicial review on June 29, 2005.
On October 17, 2006, the commissioner issued a report finding that "it seems more probable" that the trial court's failure to specify whether the plaintiffs ten year sentence was to be served with or without hard labor was an "inadvertent error." The commissioner reasoned that, except in misdemeanor cases, any sentence of imprisonment subjects a defendant to "labor" unless otherwise specified. See La. C.Cr.P. art. 890(B). Additionally, the commissioner reasoned that because a felony is defined as any offense that may be punishable at hard labor, see La. C.Cr.P. art. 933(3), "Melons are required to be in, and are presumed to be sentenced to, the custody of the Department[.]" Lastly, the commissioner believed that it would be "illogical to assume that the [sentencing] Court, who originally felt 6 years at hard labor was warranted without habitual offender adjudication, would intend, upon adjudicating that same person a [third] habitual offender, to delete the requirement of hard labor from the more severe habitual sentence classification." Thus, the commissioner concluded that the Department was authorized to rely on the minutes of the sentencing court, and therefore, its decision to rely on the minutes was not arbitrary or manifestly erroneous. Therefore, the commissioner recommended that the Department's decision be affirmed and that the plaintiffs suit be dismissed without prejudice.
After considering the entire record of the proceedings, on November 9, 2006, the district court adopted the commissioner's recommendation, rendered judgment affirming the Department's decision, and dismissed the plaintiff's suit without prejudice. The plaintiff appealed.
However, prior to instituting these proceedings for judicial review of the ARP in this regard, the plaintiff filed a writ of habeas corpus and a "motion to make the records speak the truth" with the sentencing court in docket number 214,975 alleging the same complaints, i.e., that he was being illegally detained in the custody of the department because he was not sentenced to hard labor. The plaintiff's motion was denied by the sentencing court, and the plaintiff filed an application for supervisory writs. This court granted the writ in part and issued the following order:
WRIT GRANTED IN PART; WRIT DENIED IN PART. The [sentencing] court is ordered to review the transcript and the minute entry of July 11, 1997 and to correct the minutes and commitment to accurately reflect what transpired during the habitual offender adjudication and to accurately reflect whether [plaintiff's] sentence is to be served with or without hard labor. All other claims are hereby denied.
State v. Augustine, 2005-KW-0918 (La. App. 1st Cir. 10/6/05) (unpublished writ action).
Thereafter, on November 30, 2005, the sentencing court conducted a hearing pursuant to this court's directive. The sentencing court noted that although "[t]he transcript from the sentencing July 11, 1997 is silent as to whether [the plaintiff's] sentence was to be served with or without hard labor," the court "ordered at that time that the sentence be served with hard labor." Therefore, the sentencing court ordered "that the minute entry and the commitment order of July 11, 1997 accurately reflect that [the plaintiff's] sentence is to be served with hard labor." From this ruling by the sentencing court, the plaintiff filed both pro se and counseled supervisory writ applications with this court. Both writ applications were denied. See State v. Augustine, 2005-KW-2655 (La. App. 1st Cir. 4/10/06) (unpublished writ action) and State v. Augustine, 2005-KW-2722 (La. App. 1st Cir. 4/10/06) (unpublished writ action).
Considering this court's actions in State v. Augustine, 2005-KW-0918, 2005-KW-2722, and 2005-KW-2655, ordering the correction of the minutes and the transcript, and given the sentencing court's compliance with this order, we find this appeal concerning the issue of whether the plaintiff should be serving his sentence in the custody of the Department (at hard labor) or in the St. Tammany Parish prison is moot. A moot case is one that seeks a judgment or decree that, when rendered, can give no practical relief. United Companies Lending Corporation v. Hall, 97-2525, p. 4 (La. App. 1st Cir. 11/6/98), 722 So.2d 48, 50. It is well settled that the function of the appellate courts is to render judgments that can be made effective and not to give opinion on moot questions or abstract propositions. Orange Grove Properties, L.L.C. v. Allured, XXXX-XXXX, p. 5 (La. App. 1st Cir. 6/25/04), 885 So.2d 1170, 1173. In this case, because the discrepancy between the minutes and the transcript has been corrected pursuant to this court's previous order and now provides that the plaintiffs sentence is to be served at hard labor (and therefore in the custody of the Department), further action by this court would afford no practical relief for the plaintiff. Accordingly, we pretermit consideration of the issues raised by the plaintiffs appeal as moot. See United Companies Lending Corporation, 97-2525 at p. 5, 722 So.2d at 51.
For the above and foregoing reasons, we conclude that the issues presented on appeal are moot, and accordingly, this appeal is dismissed in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2(A)(3).
All costs of this appeal are assessed to the plaintiff/appellant, Harold J. Augustine, Jr.
APPEAL DISMISSED AS MOOT.
NOTES
[1] Previously, the plaintiff pled guilty to simple burglary in St. Tammany Parish under docket number 181,641, and on November 6, 1989, he was sentenced to three years at hard labor. That sentence was suspended and the plaintiff was placed on three years of probation under the supervision of the Department. However, on September 4, 1991, the plaintiff's probation in docket number 181,641 was revoked. The plaintiff also pled guilty to carnal knowledge of a juvenile in St. Tammany Parish under docket number 192,039, and on September 4, 1991, the plaintiff was sentenced to three years at hard labor, with said sentence to run concurrent with the sentence he was serving in docket number 181,641. The plaintiff filed supervisory writ applications with this court seeking review of various rulings of the trial court in those proceedings in State v. Augustine, 2004-KW-2676 (La. App. 1st Cir 2/7/05) (unpublished writ action), State v. Augustine, 2005-KW-2153 (La. App. 1st Cir 12/2/05) (unpublished writ action), and State v. Augustine, 2005-KW-2704 (La. App. 1st Cir 3/27/06) (unpublished writ action).
[2] The plaintiff filed supervisory writ applications with this court seeking review of various rulings with regard to the habitual offender proceedings in State v. Augustine, 2005-KW-0448 (La. App. 1st Cir 4/18/05) (unpublished writ action), State v. Augustine, 2005-KW-0617 (La. App. 1st Cir 4/18/05) (unpublished writ action), and State v. Augustine, 2005-KW-1439 (La. App. 1st Cir 10/6/05) (unpublished writ action).
[3] See State v. Augustine, 2004-KW-1914 (La. App. 1st Cir. 12/1/04) (unpublished writ action), State v. Augustine, 2005-KW-0918 (La. App. 1st Cir. 10/6/05) (unpublished writ action), State v. Augustine, 2005-KW-1632 (La. App. 1st Cir. 9/13/05) (unpublished writ action), State v. Augustine, 2005-KW-2155 (La. App. 1st Cir. 12/10/05) (unpublished writ action), State v. Augustine, 2005-KW-2655 (La. App. 1st Cir. 4/10/06) (unpublished writ action), State v. Augustine, 2005-KW-2722 (La. App. 1st Cir. 4/10/06) (unpublished writ action), State v. Augustine, 2006-KW-1027 (La. App. 1st Cir. 7/24/06) (unpublished writ action), and State v. Augustine, 2006-KW-2000 (La. App. 1st Cir. 11/14/06) (unpublished writ action).