# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 21-30254

Russell Thomas,

*Plaintiff—Appellee*,

*versus*

Ameritas Life Insurance Corp.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-00741

Before Smith, Costa, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

In Louisiana, the errors and omissions of an insurance agent in filling out an application for insurance on behalf of an insured are attributable to the insurer. Johnny Alfred, a producer for Ameritas Life Insurance Corporation, erroneously completed a life insurance application and bound Ameritas to a temporary insurance agreement covering the life of Deshon Murphy. Deshon died, and his father, Russell Thomas, sought to recover as the policy beneficiary. After a bench trial, the district court concluded Ameritas was bound by Alfred's errors and omissions and found for Thomas. We affirm.

No. 21-30254

## I.

As neither party challenges the factual findings of the district court, the facts of this case are represented as that court found them.  In 2018, D'Sha Murphy and Russell Thomas sought insurance covering the life of their adult son, Deshon Murphy.  They met with Johnny Alfred in his office in Baton Rouge to apply for the life insurance.  Alfred had been a producer with Ameritas since earlier that year, and he walked D'Sha and Thomas through an application for insurance with Ameritas.  Based on responses from D'Sha and Thomas, Alfred actually filled out the application, as well as a temporary insurance agreement (the TIA) to cover Deshon's life while the application was pending.  After completing the application and the TIA on his laptop, Alfred gave Thomas the opportunity to review them.  Alfred subsequently submitted the application and authorized the TIA.

Despite that D'Sha and Thomas answered Alfred's questions accurately, the application and TIA contained multiple erroneous statements, including omissions of Deshon's history of ADHD, asthma, and chest pain.  Both documents omitted that there was other life insurance covering Deshon.  Deshon's name was signed to both documents, even though he was not present, and Thomas's name was not listed as owner of the policy.

Before the policy application was processed, Deshon died in a car accident.  After receiving notice of the death, Ameritas sent Thomas a letter notifying him that the application had not been processed and delineating the procedure for filing a claim under the TIA.  Ameritas subsequently denied coverage.  Its basis for doing so was the misrepresentation and omission of key parts of Deshon's medical history.  Thomas then filed suit in Louisiana state court against Alfred and Ameritas.

No. 21-30254

Ameritas removed the case to federal district court on the basis of diversity. Thomas subsequently filed an amended complaint that dropped all claims against Alfred from the suit. Both parties filed cross-motions for summary judgment; the district court denied both motions. The parties then filed motions in limine. Thomas sought to bar Ameritas from arguing that Alfred was not its agent. He argued that, based on Louisiana law, Alfred had to be Ameritas's agent and any argument to the contrary would be specious. Conversely, Ameritas sought to bar Thomas from introducing any evidence that would establish Alfred was its agent. Ameritas argued that while Thomas's initial complaint referenced Alfred's agency relationship, the amended complaint made no reference to agency, so Thomas could not proceed under that theory at trial. The district court determined that neither motion was properly a motion in limine and denied them both.

After a bench trial, the district court enumerated its findings of fact and conclusions of law. It found that D'Sha and Thomas had not made any of the misrepresentations in the application or the TIA and that Alfred was responsible for the errors and omissions in those documents. Then, finding that Alfred was Ameritas's agent, the district court imputed Alfred's actions to Ameritas and estopped Ameritas from denying coverage. Finally, the district court determined that Ameritas denied coverage without just cause and assessed statutory interest against Ameritas as a result. Ameritas appeals.

## II.

As this is a diversity case arising from Louisiana, this court applies the substantive law of that state. *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Ameritas levies four arguments on appeal: First, that the district court erred by denying its motion in limine; next, that the TIA was not formed properly, and even if it

3

was, that it violated Louisiana law; then, that Thomas cannot rely on Alfred's apparent authority to recover; and finally, that the district court erred in assessing statutory interest against Ameritas.  We address each in turn.

## A.

"The grant or denial of a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (citing *Buford v. Howe*, 10 F.3d 1184, 1188 (5th Cir. 1994)).  "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)).  In assessing a motion in limine, "[t]he trial court must weigh the evidence's contribution to the case against any potential prejudice or confusion." *FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992).

Ameritas's motion in limine sought to preclude Thomas

> from asserting or contending at . . . trial that a principal-agency relationship exist[ed] between Johnny Alfred . . . and Ameritas, that Alfred's actions or inactions may be imputed to Ameritas under an agency theory of liability, that Ameritas is liable for actions or inactions of Alfred and/or that Ameritas'[s] defenses are somehow limited or not viable based on Plaintiff's contention that a principal-agency relationship exist[ed] between Alfred and Ameritas because Plaintiff has asserted no such allegations in his Complaint . . . . Because any such contention(s) is beyond the scope of Plaintiff's allegations, any such contention is not properly before the Court, and Plaintiff should be precluded from raising or asserting any such theory or contention . . . .

The district court concluded that "[t]he Defendant's Motion is not properly a Motion in Limine. The purported Motion in Limine seeks a legal determination of whether an agency relationship exists. It does not challenge the admissibility of any discreet or particular evidence on evidentiary grounds, and is DENIED."

Contrary to the district court's conclusion, Ameritas raised a valid evidentiary concern, namely, that Thomas sought to offer evidence irrelevant to the claim he asserted in his complaint. *See* Fed. R. Evid. 402 advisory committee's note to 1972 proposed rules (quotation omitted) (stating that the relevancy of evidence is the threshold consideration for admissibility). Ameritas is correct that Thomas's amended complaint excised all references to Alfred's alleged role as Ameritas's agent. From there, Ameritas reasons that Thomas should not have been allowed to offer evidence related to Alfred's agency relationship.

But we only require that "a pleading allege[] facts upon which relief can be granted," and we have acknowledged that a pleading "states a claim even if it 'fails to categorize correctly the legal theory giving rise to the claim.'" *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021) (internal quotation marks omitted) (quoting *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013)); *see also* Fed. R. Civ. P. 8. While Thomas's two complaints were fairly barebones, and he deleted what agency allegations about Alfred he had pled in the original complaint when he filed his amended complaint, he retained two statements about Alfred in the live pleading: First, he alleged that "Alfred electronically submitted an application for life insurance . . . to Ameritas[,]" and second, that "Alfred completed the Policy's application which indicates that Murphy and Thomas signed electronically." These statements articulate facts upon which relief could be granted on an agency theory. *Sanchez Oil & Gas Corp.*, 7 F.4th at 309. The allegations are sufficient to outline a claim that Alfred

filled out the documents and submitted them, logically leaving him to blame for any errors or inconsistencies in the applications. Thus, Thomas preserved, if barely, this theory for trial. It follows that because Ameritas's motion would have been properly denied even if the district court had construed it as a motion in limine, Ameritas cannot demonstrate prejudice from the district court's denial of its motion, and this issue is without merit.

## B.

Ameritas next challenges the district court's legal conclusion that the TIA was enforceable between Thomas and Ameritas. We review this question de novo. *Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 624 (5th Cir. 2008) (quoting *Teco Barge Line, Inc. v. Exmar Lux (In re Mid-South Towing Co.)*, 418 F.3d 526, 531 (5th Cir. 2005)).[1] In Louisiana, the four elements of a valid contract are "capacity, consent, a lawful cause, and a valid object." *Granger v. Christus Health Cent. La.*, 2012-1892 (La. 6/28/13); 144 So. 3d 736, 760. Ameritas contends that the TIA lacked both a lawful cause and consent. Ameritas first argues that because Deshon never signed the TIA, the cause of the TIA was unlawful. Next, it argues that because Ameritas and Deshon were the only parties listed on the TIA, Thomas was not a party, and, because Deshon never actually signed the TIA, there was no consent to form the agreement.

## 1.

"Cause is the reason why a party obligates himself." LA. CIV. CODE art. 1967. "[I]n Louisiana, the common law tradition that requires 'consideration' to effect an enforceable contract has not been adopted; 'cause' is sufficient for a party to enter into a contract." *Granger*, 144 So. 3d

---

[1]As noted above, Ameritas does not contest the district court's factual findings.

at 760 n.27 (citing *Aaron & Turner, L.L.C. v. Perret*, 2007-1701 (La. App. 1 Cir. 5/4/09), 22 So. 3d 910). "Consideration is an objective element required to form a contract, whereas cause is a more subjective element that goes to the intentions of the parties." *Perret*, 22 So. 3d at 915.

"The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. Examples of obligations with unlawful causes include those that arise from gaming, gambling, and wagering not authorized by law." LA. CIV. CODE art. 1968. Another example of an unlawful cause is an individual's agreeing to "boycott, coerce, or intimidate" another as part of a noncompetition agreement. *Citizens Bank & Trust Co. v. West Bank Agency, Inc.*, 540 So. 2d 440, 443-44 (La. Ct. App. 1989).

Ameritas's argument regarding cause is simple. First, Louisiana requires that "[n]o life . . . insurance contract upon an individual . . . shall be made or effectuated unless at the time of the making of the contract the individual insured . . . in writing applies therefor or consents thereto[.]" LA. STAT. ANN. § 22:856. Second, the district court found that Deshon, the insured under the putative contract, never signed the contract or otherwise evinced consent in writing. On those two premises, the cause of the contract—insuring an individual's life who has not consented to the insurance—was unlawful because it directly contradicts a Louisiana statute.

"In the state of Louisiana, the principles of the common law are not recognized . . . . They have a system peculiar to themselves, adopted by their statutes[.]" *Wright v. Paramount-Richards Theatres*, 198 F.2d 303, 306 (5th Cir. 1952) (internal quotation marks omitted) (quoting *Parsons v. Bedford, Breedlove, & Robeson*, 28 U.S. (3 Pet.) 433, 450 (1830) (McLean, J., dissenting)). "The sources of law are legislation and custom." LA. CIV. CODE art. 1. Louisiana's system requires that "courts look first and

foremost to the statutory law." *Chevron USA, Inc. v. Vermilion Parish Sch. Bd.*, 377 F.3d 459, 462 (5th Cir. 2004). Mindful of the unique importance of Louisiana's positive statutory law, Thomas contends that because the record is devoid of any argument related either to section 22:856 or, more generally, to improper cause, Ameritas has forfeited its argument that under section 22:856, the cause of the TIA was improper, such that the contract was never confected.

"A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal[.]" *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). This rule exists for a simple reason: It is "an efficient approach that allows a full consideration of all the parties' arguments in the district court . . . . A thorough ruling might avoid an appeal by making clearer the unlikelihood of appellate success based on the strengths of the district court decision." *In re Crescent Energy Servs., L.L.C.*, 896 F.3d 350, 354-55 (5th Cir. 2018). "[I]n order to preserve an argument for appeal, the argument (or issue) not only must have been presented in the district court, a litigant also 'must press and not merely intimate the argument during proceedings before the district court.'" *Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022) (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)).

Of course, there is a significant difference between raising an issue or argument for the first time on appeal and supplementing an argument with new authority. A party can produce new authority on appeal provided that it "[m]a[de] an issue clear, or as the First Circuit stated the point . . . ,

No. 21-30254

present[ed] the issue 'face up and squarely in the trial court[.]'" *Id.* (quoting *Alston v. Town of Brookline*, 997 F.3d 23, 44 (1st Cir. 2021)).[2]

Ameritas's illegal-cause argument is appealingly straightforward, but not preserved for appeal. Ameritas contends that its argument is not forfeited because both section 22:856 and the notion of unlawful cause were referenced in its argument for judgment on partial findings during the bench trial. But the portion of the bench trial motion Ameritas references in its briefing on appeal is related to Ameritas's own internal requirements and definitions of an insurable interest, not the relevant provisions of positive Louisiana law. Scrutinizing the record, we cannot find any argument related to section 22:856 or unlawful cause. Simply put, Ameritas did not present any argument that the TIA ran afoul of section 22:856's written consent requirement "face up and squarely" in the district court. *Id.* We therefore decline further to address this forfeited argument.

**2.**

Ameritas's second argument, that Deshon was the only named party other than Ameritas and that he did not consent to the TIA, while not waived, is defeated on appeal by the district court's unchallenged factual findings. The district court found that Alfred filled out the application and TIA erroneously, which included erroneously placing Deshon as the contracting party rather than Thomas and then signing the agreement for the contracting parties. The district court also found that Alfred was Ameritas's

---

[2]Because this is a procedural rule, we have at times relaxed its bar and exercised our discretion to hear forfeited arguments. Generally, though, we only do so when the argument is "a purely legal matter and failure to consider the issue will result in a miscarriage of justice." *Rollins*, 8 F.4th at 398 (internal quotation marks omitted) (quoting *Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008)). As our later discussion demonstrates, declining to reach Ameritas's forfeited argument here results in no miscarriage of justice.

agent. Ameritas has not challenged these findings on appeal. Thus, under Louisiana law, Alfred's errors and omissions in this context are wholly attributable to Ameritas. *Rudd v. Carpenter*, (La. App. 2 Cir. 1/13/21); 311 So. 3d 568, 573 (citing *Harris v. Guar. Life. Ins. Co.*, 75 So. 2d 227 (La. 1954); *Miller v. Preferred Life Ins. Co.*, 107 So. 2d 323 (La. Ct. App. 1958)). As a result, the district court did not err by estopping Ameritas from arguing that Thomas was not a party to the TIA, that Deshon had never consented to the agreement, and, therefore, that the parties never consented to enter the TIA.

## C.

Ameritas also attacks Alfred's apparent authority. It asserts that because Thomas had the chance to review the insurance documents and likely saw Alfred's errors, Thomas cannot rely on Alfred's apparent authority to ratify the errors because no one represented that Alfred had the authority to do so. Ameritas analyzes apparent authority in its briefing but under Louisiana law, this is not the relevant consideration. As outlined above, the actions of an insurance agent in completing an application for an insured are imputed to the insurer, and that insurer is bound by its agent's actions "provided the insured has no actual or implied knowledge thereof." *Rudd*, 311 So. 3d at 573 (citing *Harris*, 75 So. 2d 227; *Miller*, 107 So. 2d 323). This was the basis of the district court's holding, not Alfred's apparent authority. Ameritas's arguments, while couched in terms of apparent authority, amount to a contention that Thomas had actual or constructive knowledge that the application was filled out improperly such that the responsibility for the errors fall not on Ameritas, but on Thomas. Again, the district court's factual findings defeat Ameritas's argument.

The district court found that Thomas "was provided the opportunity to read the policy application on Alfred's laptop computer screen." Critically, the court also found that "Thomas made no changes because he

relied on Alfred's experience and expertise in completing the Ameritas policy application form[.]" It is well-established in Louisiana law that "an insurance applicant may rely upon and sign an application as completed by the agent and may rely upon the agent's expertise in interpreting the nature of the information sought by the company he represents." *Toups v. Equitable Life Assurance*, 94-1232 (La. App. 3 Cir. 5/3/95); 657 So. 2d 142, 147 (citing *Economy Auto Salvage, Inc. v. Allstate Ins. Co.*, 499 So. 2d 963 (La. Ct. App. 1986)).

As Ameritas has not challenged the district court's factual finding that Thomas relied on Alfred's expertise, Thomas's cursory review of the insurance application and TIA, via Alfred's laptop computer screen, does not without more satisfy the actual or implied knowledge requirement. Therefore, we cannot conclude that the district court erred in finding that Ameritas was bound by Alfred's errors and omissions in the application and the TIA, such that Ameritas could not deny Thomas coverage under the TIA on that basis.

## D.

Ameritas concludes by arguing that the district court improperly assessed statutory interest against it. Under Louisiana's insurance statutes, "claims . . . shall be settled by the insurer within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent . . . ." La. Stat. Ann. § 22:1811. Ameritas asserts that it had just cause to deny Thomas's claim because of the material misrepresentations in the application and the TIA. But as the district court found, the false information was attributable to Alfred. Because Alfred's actions were attributable to Ameritas, and "[a]n investigation of its own agent's actions in issuing the policy would have revealed to [Ameritas] that" it could not maintain its

11

No. 21-30254

defenses, we discern no reversible error in the district court's determination that Ameritas acted without just cause. *Swain ex rel. Estate of Swain v. Life Ins. Co. of La.*, 537 So. 2d 1297, 1304 (La. Ct. App. 1989); *see also Ryan v. Security Indus. Ins. Co.*, 386 So. 2d 939, 943-45 (La. Ct. App. 1980). The district court's imposition of statutory interest pursuant to section 22:1811 was appropriate.

## III.

The district court acted within its discretion to deny Ameritas's pretrial motion in limine. On substance, Ameritas forfeited its argument related to the contractual element of "cause," as provided by Louisiana's positive law, by not first presenting it to the district court. As for the insured's "consent" to the contracts, Alfred's actions, errors and omissions in completing the insurance application and TIA were properly imputed to Ameritas, such that Ameritas was estopped from raising Deshon's lack of consent. Finally, the district court acted within its discretion in assessing penalty interest against Ameritas.

AFFIRMED.