# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 22-20003

Patrick De Haan; Claudia De Haan,

*Plaintiffs—Appellants*,

*versus*

Select Portfolio Servicing, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-473

Before Southwick, Oldham, and Wilson, *Circuit Judges*..

Per Curiam:[*]

Patrick and Claudia De Haan sued their loan service provider, Select Portfolio Servicing, Inc. (SPS), alleging violations of the Texas Fair Debt Collection Practices Act (TFDCPA) and common law "debt collection practices." Specifically, the De Haans asserted that SPS employed unfair debt collecting practices under sections 392.303(a)(2), 392.304(a)(8), and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20003

392.304(a)(19) of the Texas Finance Code.  The district court granted summary judgment for SPS.  We affirm.

**I.**

In 2004, the De Haans purchased a house in The Woodlands, Texas. In 2005, the De Haans executed a promissory note, borrowing $275,000 payable to the lender, Accredited Home Lenders, Inc.  The De Haans also executed a deed of trust in favor of Accredited Home Lenders.  In 2012, in default on their payment obligations, the De Haans executed a modification to their loan.[1]  They executed a second loan modification in 2014, when they were again in default, granting SPS the authority to act on behalf of Accredited Home Lenders for servicing the loan.  The agreement provided that SPS retained the right to return any payment or partial payment insufficient to bring the loan current.  It also required that "[i]f foreclosure ha[d] been initiated," the De Haans were to make payments using "certified funds," which included "a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect."

By August 2019, the De Haans were again in default on the loan.  They owed $12,881.40, and had been delinquent for over 100 days, when SPS notified them that they must pay the amount due by September 1, 2019, in order to cure the default.  The De Haans mailed SPS a personal check in the amount of $12.881.40, after the September 1 due date.  Because the De Haans were late, they incurred additional late fees, such that their $12,881.40 payment no longer cured the default.

---

[1] We refer hereafter to the note, deed of trust, and modification agreements as "the loan" unless otherwise specified.

On September 26, 2019, SPS's attorney sent a notice to the De Haans stating that foreclosure had been initiated. On October 1, 2019, SPS notified the De Haans that their payment had been rejected. Shortly thereafter, the De Haans attempted to make a payment of $12,882.00 via online bill payment. But SPS rejected that payment as well because it was insufficient to cure the default[2] and was not in the form of certified funds, as required by the loan agreement. Adding further delinquent payments and late fees, SPS sent another notice to the De Haans on November 13, 2019, that payment of $22,740.48 was due by November 27, 2019, payable in certified funds. SPS did not receive payment, so it initiated foreclosure proceedings.

In response, the De Haans filed suit against SPS, alleging that SPS violated statutory and common law debt collection requirements. The De Haans specifically contended that SPS charged fees that were not authorized, misrepresented the amount owed, failed to maintain a proper accounting, and failed to apply payments, causing their principal loan balance to increase in violation of the Texas Finance Code. *See* Tex. Fin. Code Ann. §§ 392.303(a)(2), 392.304(a)(8), 392.304(a)(19). After discovery, SPS moved for summary judgment, contending that the De Haans had failed to produce evidence that established their claims or that their payments should have been accepted under the loan's terms. The district court granted SPS's motion, and the De Haans appealed.

## II.

We review a district court's grant of summary judgment de novo. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any

---

[2] By then, the De Haans had also failed to pay their September and October 2019 loan payments, increasing their overdue balance to $19,778.85.

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (quotation omitted). "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Id.* at 328–29 (citation omitted).

## III.

On appeal, the De Haans first contend that section 51.002 of the Texas Property Code does not require certified funds to cure a mortgage default. But the De Haans did not raise this argument before the district court, and thus it is forfeited. *See Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022). Even if not, section 51.002 is inapplicable. That statute governs the sale of property at public auction, which does not pertain to whether the De Haans were required to cure default via payment with certified funds under the terms of their loan. *Cf.* Tex. Prop. Code Ann. § 51.002.

Next, the De Haans contend that their attempted online bill payment constituted payment by certified funds. Enforcing the unambiguous terms of the loan as written, *see Heritage Resources, Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996), we disagree with the De Haans. According to the loan, "[c]ertified funds include[] a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect." While the De Haans assert that "there are almost no distinguishable differences between the online bill payment and a cashier's check," they point to no language in the loan documents or record evidence to support their position. And even if the De Haans' attempted online payment qualified as certified funds, that payment was also rejected because

No. 22-20003

the amount was insufficient to cure the default. By contrast, SPS acted within the bounds of the loan's terms in rejecting the De Haans' payments, online or otherwise.

Because we discern no genuine issue of material fact, the district court's summary judgment is

AFFIRMED.