# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2024

Lyle W. Cayce
Clerk

No. 22-30662

Deanna Thomas,

*Plaintiff—Appellant*,

*versus*

Robert Tewis, *Officer*; Kirt Arnold, *Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-698

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Deanna Thomas erected a tent in Laketown Park in Kenner, Louisiana. On April 6, 2020, two officers from the East Jefferson Levee District Police Department—Officer Tewis and Lieutenant Arnold—approached Thomas, explained that she was unlawfully occupying a public space, and told her to leave. Thomas did not immediately comply, so the officers arrested her. One of the officers also directed a District employee to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dispose of her property. Thomas alleges Tewis handcuffed her and then, while she was not resisting arrest, "body slammed" her into the ground in a manner that caused Thomas physical and emotional injuries.

After the arrest, Thomas sued the officers for violating the Fourth Amendment by using excessive force and unlawfully seizing her property. The district court held the officers were entitled to qualified immunity and entered summary judgment in their favor. Thomas appealed. Our review is *de novo. Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).

Thomas failed to carry her burden of presenting clearly established law demonstrating the unlawfulness of the officers' alleged seizure in the district court. So she forfeited the argument, and we decline to exercise our discretion to consider it for the first time on appeal. *See Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 n.2 (5th Cir. 2022). We therefore affirm the district court's grant of summary judgment to the officers on Thomas's unreasonable seizure claim.

But Thomas did produce evidence to support her claim that Tewis used excessive force, in violation of clearly established law, by throwing her to the ground while she was restrained and subdued. *See Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015). And while the extent of Thomas's damages is unclear, she also produced some evidence suggesting the officers' actions resulted in an injury that is more than *de minimis* under our precedents. *See Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017). A jury very well might find Thomas's evidence incredible,[1] but at the summary judgment stage we are bound to conclude Thomas created a genuine dispute of material

---

[1] Qualified immunity remains a possible defense and a question to be determined by the jury. *See* Fifth Circuit Pattern Jury Instructions (Civil Cases) § 10.3 (2020).

No. 22-30662

fact. *See* Fed. R. Civ. P. 56(a); *see also Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (noting a "non-movants' summary judgment evidence must be taken as true") (citation omitted). So we must reverse the district court's grant of summary judgment on Thomas's excessive force claim.

The district court dismissed Thomas's bystander liability claim against Arnold and her related state law claims solely on the ground that Tewis was entitled to qualified immunity with respect to Thomas's excessive force claim. Accordingly, we vacate the dismissal of those claims and remand for reconsideration.

Affirmed in Part, Reversed in Part, Vacated in Part, and Remanded.

3